# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

CHINDA PEN,

    Petitioner,

v.

NATHALIE R. ASHER, *et al.*,

    Respondents.

Case No. C11-487-MJP-JPD

REPORT AND RECOMMENDATION

On March 21, 2011, petitioner, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging his detention by the United States Immigration and Customs Enforcement ("ICE"). (Dkt. No. 4.) On April 21, 2010, however, respondents filed a Motion to Dismiss for Mootness, which indicated that petitioner was scheduled to be removed from the United States to Cambodia on or about April 26, 2011. (Dkt. No. 9.) Respondents argued because petitioner would be removed from the United States and because, thereafter, he would no longer be detained by ICE, his habeas petition would become moot. *Id*. at 2. On May 5, 2011, respondents filed a Notice of Alien Removal along with documentation which indicates that petitioner was removed by ICE officials to Cambodia on April 26, 2011. (Dkt. No. 11.)

For a federal court to have jurisdiction, "an actual controversy must exist at all stages of the litigation." *Biodiversity Legal Foundation v. Badgley*, 309 F.3d 1166, 1173 (9th Cir. 2002).

REPORT AND RECOMMENDATION
- PAGE 1

1  "When a controversy no longer exists, the case is moot." *Id*. Because petitioner is no longer detained by ICE, the Court finds that petitioner's habeas petition is moot and should be dismissed without prejudice and without award of costs to either party. *See, e.g., Cooney v. Edwards*, 971 F.2d 345, 346 (9th Cir. 1992)(holding that the District Court properly dismissed plaintiff's claims that had become either moot or unripe). A proposed Order accompanies this Report and Recommendation.

DATED this 9th day of June, 2011.

JAMES P. DONOHUE
United States Magistrate Judge